IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA COACH LINES, INC., | Civil Action No.: 2:20-cv-1139 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| STUDENT TRANSPORTATION OF AMERICA, LLC, | |
| Defendant. | |

**VERIFIED COMPLAINT**

Plaintiff Pennsylvania Coach Lines, Inc. ("PA Coach"), by and through its undersigned attorneys, files the following Verified Complaint against Student Transportation of America, LLC ("STA") and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, Pennsylvania Coach Lines, Inc., is a Pennsylvania corporation with a principal place of business located at 700 McKeesport Road, Elizabeth, Pennsylvania 15037.

2. Upon information and belief, Defendant Student Transportation of America, LLC, is a Delaware limited liability company that is registered to do business in Pennsylvania and that has its principal place of business at 3349 Highway 138 Building A, Suite C, Wall Township, New Jersey 07719.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

{J2637576.1}   1

4. Upon information and belief, formed after numerous good-faith court and public record searches, none of STA's members are citizens of Pennsylvania.

5. Furthermore, the amount in controversy exceeds the sum of seventy-five thousand ($75,000) dollars, exclusive of interests and costs, given that the injunction PA Coach seeks would prevent STA's continued interference with PA Coach's enforceable contractual relationships with employees which, in turn, causes irreparable harm to PA Coach's investments in its employees and long-cultivated customer goodwill and client relationships, the value of which far exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because STA interfered with PA Coach's contractual relationships with its former employees, each of whom is a resident of Pennsylvania and this District, and because such conduct substantially harms PA Coach's business located in this District as set forth more fully below.

## FACTUAL BACKGROUND

7. PA Coach provides school bus transportation for Pennsylvania school districts and their students, presently serving over 22 school districts in the Western Pennsylvania region.

8. PA Coach has struggled in recent years to find individuals with a Commercial Driver's License ("CDL") who are qualified, willing, and able to work as a school bus driver for PA Coach's school district clients.

9. There is a nationwide shortage of CDL drivers which is particularly prevalent in Western Pennsylvania where CDL drivers can earn significantly more money driving for an oil and gas company rather than a school district.

10. To combat this shortage, PA Coach offers its own CDL classes to help identify and train new drivers, employing several individuals for the sole purpose of soliciting, training, and testing driver candidates.

11. The classes cost PA Coach thousands of dollars and take on average six weeks to complete.

12. PA Coach spends tens of thousands of dollars per year on advertising its classes and soliciting drivers through various means, including billboards, flyers, advertisements, and direct mailings.

13. In addition to the monetary investment in helping its prospective drivers obtain a CDL, PA Coach also invests a significant amount of time tutoring and preparing its prospective drivers in obtaining a CDL.

14. PA Coach utilizes proprietary technology in creating its bus routes and plans so as to maximize the number of routes it can cover for school districts using a minimal number of drivers.

15. PA Coach's bus drivers have knowledge of certain facets of the aforementioned proprietary technology, including, but not limited to the routes that result from such proprietary technology.

16. The school bus transportation industry is highly competitive, with transportation companies like PA Coach and STA vying for qualified drivers and profitable transportation contracts with school districts.

17. Further depleting the potential driver pool, COVID-19 has caused many drivers who are over the age of 60 or who have health related concerns, to retire or leave their bus driving job for fear of getting sick.  This has made it even more difficult to recruit and keep drivers.

18. Also, for the 2020/2021 school year, there are strong indications that most school districts will be required to reduce the number of students carried per bus. This will likely require more buses and more drivers to service the same districts.

19. Because of its investment in finding and training drivers in light of the nationwide shortage, in addition to the harm that befalls PA Coach (and the school districts with which it contracts) when drivers separate from employment, PA Coach takes steps to retain its drivers and protect its investments in them.

20. In June 2019, given the decreasing availability of qualified drivers and the routes PA Coach had to cover for its school district clients, PA Coach offered each of the drivers based out of its Elizabeth, PA terminal a Retention Bonus and Non-Compete Agreement (the "Agreement"). An example of the Agreement is attached as **Exhibit 1**.

21. In June and July 2019, approximately 27 drivers based out of the Elizabeth, PA terminal signed the Agreement.

22. Six (6) of these drivers were assigned to cover PA Coach's school bus routes for the Elizabeth Forward School District ("EFSD") located at 401 Rock Run Road, Elizabeth, Pennsylvania 15037 (the "EFSD Drivers").

23. In exchange for signing the Agreement and continuing to remain employed, the drivers each received a cash bonus of $1,500.00 upon signing and the opportunity to earn a separate $1,000.00 bonus if the Driver remained in good standing six (6) months after signing the Agreement. See Exhibit 1.

24. The EFSD Drivers continued to remain employed by PA Coach and received both installments of the retention bonus.

25. The Agreement contained the following noncompetition provision:

> <u>Non-Compete</u>.  As an employee of the Company, you will have access to the Company's confidential information, including its client relationships, and you will receive specialized training for your job.  The Company seeks to protect its investments and interests in this regard.  In exchange for the Company offering you the retention bonus and other valuable consideration, you agree that during your employment by the Company and for one (1) year after your employment has ended, you will not work as a school bus driver or school van driver (either as an employee, contractor, or otherwise) for any person or entity (including, for example, charter bus service companies or school districts) within a twenty-five (25)-mile radius of the Company's headquarters at 700 McKeesport Road, Elizabeth, PA 15037.

See Exhibit 1.

26. The Agreement further provided that:

> You agree that if you leave the employ of the Company, you will provide a copy of this Agreement to your new employer at the outset of your employment, and you agree that the Company shall have the right to notify your new employer of same.  You further agree that your breach or threatened breach of this non-compete provision will cause the Company irreparable harm, and the Company will be entitled to seek equitable relief, among other relief, for any such breach.  If any provision of this non-compete obligation is deemed to be invalid or unenforceable, the parties agree that a court may amend the provision for the protection of the Company to the extent necessary to make this non-compete obligation enforceable.  Also, if you violate the terms of this non-compete, the restriction will be automatically extended by the period in which you were in violation.

See Exhibit 1.

27. Upon information and belief, STA, a direct competitor of PA Coach, has replaced PA Coach as the student transportation provider for EFSD and will commence transporting EFSD students for the 2020-2021 school year, if not sooner.

28. Even if STA replaces PA Coach as the student transportation provider for EFSD, PA Coach has other contracts with school districts and other work for the EFSD Drivers to perform.

29.     For example, PA Coach would likely assign the EFSD Drivers to cover routes for Pittsburgh Public Schools, which is critically short on bus service.

30.     Upon information and belief, STA has solicited, and continues to solicit, PA Coach's drivers, including the EFSD Drivers and other drivers who signed the Agreement (collectively, the "Solicited Drivers"), to leave their employment with PA Coach and drive buses for EFSD under STA's new agreement with EFSD.

31.     Upon information and belief, on July 1, 2020, the Solicited Drivers commenced employment with STA as a driver driving a school bus and/or school van to provide transportation to EFSD students on or before the start of the 2020-2021 school year.

32.     EFSD is located within a 25-mile radius of PA Coach's headquarters, and the Solicited Drivers' employment by STA has occurred and is occurring within one (1) year following the Solicited Drivers' separation of employment from PA Coach.

33.     Rather than invest the time and money in finding its own qualified drivers, STA has stolen PA Coach's drivers, knowing that to do so was wrongful and would interfere with PA Coach's rights under the Agreements.

34.     On June 23, 2020, after learning of Solicited Drivers' breach or threatened breach of the Agreement, PA Coach, through counsel, sent letters to the Solicited Drivers reminding Solicited Drivers of their obligations in the Agreement.

35.     On June 23, 2020, PA Coach also sent a letter, through counsel, to STA, advising STA of the existence of the Solicited Drivers' respective Agreements, including the restrictive covenants contained therein, and warning STA that PA Coach would take action if STA solicited, hired, and/or retained drivers in violation of their Agreements.  A copy of the June 23, 2020 letter to STA is attached as **Exhibit 2**.

36. PA Coach, through counsel, re-sent a copy of this letter to STA on June 26, 2020 which included as an attachment a copy of the Agreement. A copy of the June 26, 2020 letter to STA is attached as **Exhibit 3**.

37. This was the second time PA Coach had occasion to warn STA of the Agreements, having done so previously on September 19, 2019 in connection with another attempt by STA to poach PA Coach's drivers. A copy of the September 19, 2019 letter to STA is attached as **Exhibit 4**.

38. Upon information and belief, despite multiple warnings to STA, STA continues to solicit PA Coach drivers to breach their Agreements, and STA continues to employ the Solicited Drivers, in violation of the Agreement.

39. As a result of these actions, PA Coach is at risk of losing the investments it made to find, train, and retain the Solicited Drivers and its other drivers.

40. PA Coach is also at risk of harming its relationships — contractual and otherwise — with other school districts and entities for whom it provides transportation services if it cannot provide drivers to cover those routes.

41. Unless STA's unlawful conduct is enjoined, PA Coach will suffer irreparable harm and injury that cannot be compensated by damages.

42. Greater injury will result to PA Coach than to STA if an injunction is not granted.

43. An injunction would properly restore the parties to the status they enjoyed immediately before STA's unlawful conduct.

44. An injunction preventing STA from interfering with PA Coach's contracts with its employees and former employees is reasonably suited to abate Defendants' unlawful conduct.

## COUNT I – TORTIOUS INTERFERENCE WITH CONTRACT

45. The averments contained in Paragraphs 1 through 43 of this Complaint are incorporated as though fully set forth herein.

46. At all relevant times, STA was aware of the Solicited Drivers' respective Agreements, including the non-competition provisions thereof.

47. PA Coach informed STA of its Agreements, including its Solicited Drivers' Agreements, on September 19, 2019, June 23, 2020, and June 26, 2020.

48. Despite having such notice, STA solicited and hired the Solicited Drivers to work as school bus drivers and/or school van drivers for EFSD commencing on or before the 2020–2021 school year, despite such employment violating the Solicited Drivers' Agreements with PA Coach.

49. STA interfered with PA Coach's contractual relationships with the Solicited Drivers for the sole purpose of disrupting PA Coach's business and improperly employing the Solicited Drivers for STA's own competitive advantage.

50. As a direct consequence of the aforementioned conduct, PA Coach has suffered and will continue to suffer loss of incalculable investments in its drivers, harm to its goodwill, and harm to its relationship with its clients.

51. A preliminary injunction enjoining STA from interfering with PA Coach's contracts with its drivers, including by soliciting and/or employing the drivers and Solicited Drivers, within a 25-mile radius of PA Coach's headquarters until the completion of one (1) year, is the narrowest relief to prevent immediate and irreparable harm to PA Coach.

52. Such preliminary injunctive relief is necessary to preserve the status quo that existed prior to STA's interference with the Solicited Drivers' Agreements.

## COUNT II – UNFAIR COMPETITION

53. The averments contained in Paragraphs 1 through 51 of this Complaint are incorporated as though fully set forth herein.

54. As set forth above, STA intentionally and wrongfully interfered with PA Coach's contractual relationships with its employees by soliciting and hiring the Solicited Drivers.

55. STA's actions were designed to injure its direct competitor, PA Coach, and to gain an unfair competitive advantage.

56. As a direct consequence of the aforementioned conduct, PA Coach has suffered and will continue to suffer loss of incalculable investments in its drivers, harm to its goodwill, and harm to its relationship with its clients.

57. A preliminary injunction enjoining STA from interfering with PA Coach's contracts with its drivers, including by soliciting and/or employing the drivers and Solicited Drivers, within a 25-mile radius of PA Coach's headquarters until the completion of one (1) year, is the narrowest relief to prevent immediate and irreparable harm to PA Coach.

58. Such preliminary injunctive relief is necessary to preserve the status quo that existed prior to STA's interference with the Solicited Drivers' Agreements.

## PRAYER FOR RELIEF

WHEREFORE, Pennsylvania Coach Lines, Inc. respectfully requests that this Honorable Court issue a preliminary injunction enjoining Student Transportation of America, LLC from interfering with any of PA Coach's contracts with its current and former drivers, including but not limited to by soliciting, hiring, and/or employing any drivers in violation of their Retention Bonus and Non-Compete Agreements, as well as any other such relief as this Court may deem just and proper.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated:  July 30, 2020

*/s/ Ray F. Middleman*
Ray F. Middleman, Esq.
Pa. I.D. No. 40999

Lindsey Conrad Kennedy, Esq.
Pa. I.D. No. 318318

600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
(412) 566-6000

rmiddleman@eckertseamans.com
lkennedy@eckertseamans.com

*Counsel for Plaintiff, Pennsylvania Coach Lines, Inc.*