IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA COACH LINES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:20-CV-01139-RJC |
| | ) | |
| STUDENT TRANSPORTATION OF AMERICA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Presently before the court is a motion to abstain filed on behalf of Defendant Student Transportation of America, LLC ("STA") (ECF No. 21) pursuant to the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Because we write solely for the benefit of the parties, and the facts and circumstances particular to this case clearly weigh against abstention, our decision will be succinct.

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). *Colorado River* provides:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.

424 U.S. at 813 (internal citations and quotations omitted).

"The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.'" *CSX Transp. Inc. v. Apex Directional Drilling, LLC*, No. CV 14-290E, 2015 WL 8784148, at *2 (W.D. Pa. Dec. 15, 2015) (quoting *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997)).

In considering *Colorado River* abstention, the Court first determines whether the movant has demonstrated "that the federal and state proceedings are 'parallel.'" *CSX Transp. Inc.*, 2015 WL 8784148, at *2 (citing *Golden Gate Nat. Sr. Care, LLC v. Minich ex rel. Estate of Shaffer*, 629 Fed. Appx. 348 (3d Cir. 2015)). "If they are not, then the district court lacks the power to abstain." *Ryan*, 115 F.3d at 196. Parallel cases are ones that "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005) (internal quotation and citation omitted). A court, however, should not engage in speculation when determining whether the actions are parallel. Where the court determines that the proceedings are parallel, it then applies the six factor test[1] in determining whether abstention is warranted. *Spring City Corp. v. American Bldgs. Co*., 193 F.3d 165, 171 (3d Cir. 1999).

Here, the federal and state proceedings are not parallel, as they do not involve the same parties and substantially identical claims. Plaintiff Pennsylvania Coach Lines, Inc. has simply filed Praecipes for Writ of Summons, i.e., no Complaints have been filed in six actions against certain bus drivers. The allegations in those nascent proceedings involve breach of non-compete agreements, rather than the issue before this Court: the tortious interference and unfair competition claims against Plaintiff's competitor, STA. As to the former state court litigation against Elizabeth Forward School District, that matter involved different parties and a different cause of action, i.e. an alleged breach of an "implied in fact" transportation agreement between those parties. No decision was rendered by Judge Ward as to whether the non-compete agreements were enforceable, and the case is now closed.

---

[1] The relevant factors include: (1) (in an in rem case,) which court first assumed jurisdiction over (the) property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. In reviewing these factors, the Court must bear[ ] in mind that it should place a thumb on the scales in favor of granting jurisdiction. *CSX Transp. Inc*., 2015 WL 8784148, at *2 (internal quotations and citations omitted); *Moses H. Cone Memorial Hosp. v. Mercemal Constr. Corp*., 460 U.S. 1, 16 (1983) (The balancing is "heavily weighted in favor of the exercise of jurisdiction."). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–19. While this Court does not

Defendant has not demonstrated any "exceptional circumstances" necessary to justify abstention, and therefore, we decline to abstain.[2]

AND NOW, this 23rd day of October, 2020, the Motion to Abstain (ECF No. 21) be and the same is hereby DENIED.

*s/ Robert J. Colville*
Robert J. Colville
United States District Judge

cc/ecf:  All counsel of record

---

reach these factors, as there is no "parallel" state proceeding, they weigh against abstention.
[2] To the extent STA argues Plaintiff's claims of the tortious interference and unfair competition lack merit, we leave a decision for a future date after the parties have been given further opportunity to brief the issue.