IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA COACH LINES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:20-CV-01139-RJC |
| | ) | |
| STUDENT TRANSPORTATION OF PENNSYLVANIA, INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## **MEMORANDUM ORDER**

Presently before the court is a Motion to Remand (ECF No. 61) filed on behalf of Defendant STA of Pennsylvania, Inc. ("STA" or "Defendant"). For the reasons that follow, the motion will be granted and the case dismissed for lack of subject matter jurisdiction.

STA argues that both parties to this matter are Pennsylvania corporations and, therefore, no diversity exists sufficient to invoke this Court's jurisdiction under 28 U.S.C. §1332(a).[1] The Complaint in this matter was filed on July 30, 2020 (ECF No. 1, hereinafter "Compl") and the purported basis of jurisdiction was diversity. (Compl. at ¶ 3). Plaintiff, Pennsylvania Coach Lines, Inc., ("Plaintiff") is a Pennsylvania corporation with a principal place of business located at 700 McKeesport Road, Elizabeth, Pennsylvania 15037. (Compl. at ¶ 1). It was further alleged that then-Defendant Student Transportation of America, LLC ("STA of America"), is a Delaware limited liability company that is registered to do business in Pennsylvania and that has its principal place of

---

[1] Plaintiff further alleged the amount in controversy exceeds seventy-five thousand dollars, exclusive of interests and costs, given that the injunction PA Coach seeks would prevent STA's continued interference with PA Coach's enforceable contractual relationships with employees which, in turn, causes irreparable harm to PA Coach's investments in its employees and long-cultivated customer goodwill and client relationships, the value of which far exceeds $75,000. (Compl. at ¶ 5). The amount in controversy, which must "exceed[] the sum or value of $75,000,

business at 3349 Highway 138 Building A, Suite C, Wall Township, New Jersey 07719. (Compl. at ¶ 2).

Plaintiff alleges tortious interference and unfair competition related to STA's hiring of its former employee bus drivers, and sought injunctive relief. Accordingly, the Court set deadlines for expedited discovery and set a hearing on the motion for preliminary injunction to be held on February 17, 2021. (ECF No. 51). However, early on in the litigation it came to light[2] that the defendant in the initial Complaint was improperly named, insofar as Student Transportation of America, LLC (a Delaware corporation) is not an ongoing company and has no employees. Hence, after apprising the court of its intent to do so, on January 21, 2021, STA filed a Motion to Amend Case Caption (ECF No. 58). All counsel being in agreement to said motion, the motion was granted. (ECF No. 59). Hence, Student Transportation of America, LLC (a Delaware corporation) was removed from the case.

The motion to remand was filed February 2, 2021, has been fully briefed, and the matter is now ripe for consideration.

Federal Rule of Civil Procedure provides:

(3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Fed. R. Civ. P. 12(h)(3). In these circumstances, "[t]he burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEILife*, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Daimler Chrysler Corp. v. Cuno,* 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006)). "For diversity purposes, a corporation is considered a citizen of the state in

---

exclusive of interest and costs," 28 U.S.C. § 1332(a), is not at issue here.

[2] In its Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, STA noted, "[t]he Defendant in this matter is improperly named. Student Transportation of America, LLC is not an ongoing company. The correct name of the parent company is Student Transportation of America, Inc. The entity involved in this matter actually is STA of Pennsylvania, Inc., which is a wholly-owned subsidiary of the parent. Throughout this

which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2nd Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that " 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

"It is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.'" *Harris-Sawyer v. PRRC, Inc.*, No. 5:18-CV-04682, 2018 WL 5777303, at *1 (E.D. Pa. Nov. 2, 2018), citing *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206, at 78-79 (1969 & Supp. 2005); *Thomas v. Board of Trustees*, 195 U.S. 207, 210, 25 S.Ct. 24, 49 L.Ed. 160 (1904)).

Based on the evidence, as opposed to inference or argument, before the court, the only hiring and employing entity was STA of Pennsylvania. STA has attached to its motion Exhibit A, the individual driver payroll information, listing STA of Pennsylvania, Inc., 1870 Washington Pike, Suite 505, Bridgeville, PA 15017 as the payor, and represents, without opposition from Plaintiff, this is the case for all drivers hired by defendant. (ECF No. 61-1). STA also has attached as Exhibit B, the Incorporation Certification, which shows STA of Pennsylvania, Inc. is a Pennsylvania corporation. (ECF No. 61-2).

In response, Plaintiff argues as follows:

> [E]ven assuming that the drivers at issue in this litigation are employed by STA of Pennsylvania, Inc., this is a tortious interference and unfair competition matter. At least some discovery has suggested that the STA entity making the relevant decisions and directing the relevant actions was based in New Jersey. For example, Paul Fichner, STA's Senior Vice President of Operations, testified that he received and followed advice and guidance from STA's in-house lawyer in Wall,

---

brief, the terms "STA" and "Defendant" refer to STA of Pennsylvania, Inc." (ECF No. 21 at fn.1.)

> New Jersey as to actions the company should or should not take regarding recruitment of PA Coach's drivers. (See Fichner Tr. 45:8 – 47:8. Excerpts from this transcript are attached as Exhibit A.) Thus it is not clear that the Court lacks diversity jurisdiction over this matter.

(ECF No. 63 at 2). In other words, Plaintiff argues that because Mr. Finchner sought advice from the parent company's counsel, whose office is located in New Jersey, regarding a letter from Plaintiff's counsel, that conversation defeats diversity jurisdiction. The court has reviewed the transcript and agrees with STA's representation that "[t]he deposition questions and responses leading up to, and the lines immediately after, Plaintiff's cited excerpt show clearly that Mr. Fichner did not have any discussion with the relevant individuals at STA of Pennsylvania about the issues raised in counsel's letter." (ECF No. 65 at 3). In fact, he stated "we did not direct Joyce [Dahlstrom, who along with a local team was involved in hiring drivers] about recruiting Pennsylvania Coach drivers." (ECF No. 65-1 at 9).

In this case, Plaintiff has not met its burden and alleged any facts which establish federal jurisdiction over this case. Other than the testimony of Mr. Finchner, which does not support jurisdiction or meet Plaintiff's burden, Plaintiff merely argues that the motion is untimely and leads to inefficiency in the form of "sunk costs." Of course, regarding untimeliness, as explained *supra*, the question of whether the court has subject matter jurisdiction may be addressed by the court at any time. In addition, discovery propounded and obtained in this matter would in all likelihood be at the parties' disposal in any subsequent matter, as opposed to "sunk costs."

Accordingly, in the absence of complete diversity among the parties, the following Order is entered.

AND NOW, this 24th day of February, 2021, the Motion to Remand (ECF No. 61) be and the same is hereby GRANTED. This case is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, without prejudice to refile in the

Court of Common Pleas of Allegheny County.  The Clerk of Court shall mark this case as CLOSED.

*s/ Robert J. Colville*
Robert J. Colville
United States District Judge

cc/ecf:  All counsel of record